WILLIAM B. MULFORD

*v.*

T. MAXWELL REILLY and others.

Where a sheriff returns a subpœna "served," an affidavit of a defendant not denying that he was served with a ticket, but merely asserting that he believes that he was served with an ordinary subpœna only, and that he had no knowledge or information that the bill prayed a decree for deficiency against him, is not sufficient to set aside such decree, regularly entered on a decree *pro confesso*.

---

Bill to foreclose. Motion to set aside decree for deficiency against T. Maxwell Reilly. On petition and affidavits.

*Mr. B. D. Shreve*, for the motion.

*Mr. P. L. Voorhees*, contra.

28

Sandford *v.* Sandford.

THE CHANCELLOR.

The defendant, Reilly, was, by accident, prevented from attending before the court when the decree for deficiency was made against him. It was made by way of amendment to the final decree, which was made upon a decree *pro con-. fesso.* He now moves to set the decree for deficiency aside, on the ground of surprise and merits. He alleges that no ticket notifying him of the claim for a decree for deficiency was served upon him. In his affidavit he states that he was served, as he fully believes, with an ordinary subpœna *ad respondendum*, and had no knowledge or information of a prayer for deficiency. It will be seen that he does not swear positively that no ticket was served on him. The sheriff's return "served" is presumptive proof of the service of the ticket. *Bell* v. *Gilmore, 10 C. E. Gr. 104.* The defendant, then, shows no surprise. He claims, also, that the decree for deficiency is irregular, because it was founded merely on a decree *pro confesso* without proof. He is, under the circumstances, presumed not only to have had notice of the suit by means of the subpœna, but to have had special notice by the ticket that a decree for deficiency was prayed against him. The averments of the bill, if proved, were sufficient to warrant such a decree. He did not see fit to answer them. The statute and the practice of the court justify the decree. *Rev. p. 109 § 28; Brinkerhoff* v. *Franklin, 6 C. E. Gr. 334.*

The petition will be dismissed, with costs.